IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DERRICK ALLEN,              )
                            )
          Plaintiff,        )
                            )
                            )        1:19cv1225
     v.                     )
                            )
DOMINO'S PIZZA, et al.,     )
                            )
          Defendants.       )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

**LEGAL STANDARD**

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with

filing fees, however, [is] not without its problems.  Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants.  In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

## BACKGROUND

Asserting claims under "42 U.S.C. § 1983," and in violation of "Title VII of the [C]ivil Rights [Act] of 1964, [the A]ge Discrimination [in E]mployment [A]ct of 1967" (the "ADEA"), and the [Americans with D]isabilit[ies A]ct of 1990" (the "ADA"), Plaintiff initiated this action against three defendants: (1) "Domino[']s Pizza;" (2) "James Thompson" ("Defendant Thompson"); and (3) "HireRight." (Docket Entry 2 at 1-4 (parenthesis in original omitted).)[2] The Complaint's statement of claim states that, "[Plaintiff] was denied a job based upon dismissal and/or a misdemeanor which dates back to 2013 which is approximately 6 years

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

[2] Citations to Docket Entry pages utilize the CM/ECF footer's pagination.

-3-

ago, [and based on his] age, race, color[,] and disability." (Id. at 5.) Further, as its basis for proceeding under Section 1983, the Complaint asserts the following:

> [Plaintiff] was denied employment as a delivery driver. It was first communicated to [Plaintiff] by [t]he [g]eneral manager, [Defendant] Thompson, [that Plaintiff] was not eligible to be re-hired due to th[e] results of [his] back[]ground check. [Plaintiff] later received an email from [Defendant Thompson] communicating that Domino's [P]izza would not offer [Plaintiff] employment because of charges which were pending but dismissed on 12/10/2019[ a]nd a . . . misdemeanor that dates back to [March 2013].
>
> . . . .
>
> [Plaintiff] provided certified criminal records from [D]urham [C]ounty [J]ail which conveyed dismissal of 19cr056324, and 19cr056326. [Plaintiff] also provided a [l]etter from [his] attorney . . . who explained dismissal of the above[-]mentioned charges. Even after [Plaintiff] provided [Defendants] with documentation of dismissal of the above[-]mentioned offenses[, Plaintiff] was still denied employment.

(Id. at 4 (parenthesis and brackets in original omitted).) The Complaint further asserts that Plaintiff endured "homelessness" (id. at 5) and requests "compensat[ion] for [] mental anguish and punitive damages in accordance with federal law" (id. at 6).

In addition, Plaintiff submitted a charge of discrimination on the appropriate Equal Employment Opportunity Commission ("EEOC") form (see id. at 16-17), however, Plaintiff did not attach a copy of any right-to-sue letter (see generally Docket Entry 2; see also id. at 20-21 (notice confirming that "[Plaintiff's] appointment has been scheduled" with the EEOC on "Monday, 03/30/2020, 10:30 AM")).

-4-

Case 1:19-cv-01225-TDS-LPA   Document 9   Filed 09/22/21   Page 4 of 12

In any event, the included EEOC Charge reflects the following allegations:

> On or about December 9, 2019, [Plaintiff] was denied employment in the position of Delivery Driver. [Domino's Pizza] employs more than fifteen [] persons.
>
> On or about December 4, 2019, [Plaintiff] applied to the position of Delivery Driver; [Plaintiff] ha[s] worked for another Domino[']s Pizza restaurant in the past. [Defendant] Thompson (White), General Manager, told [Plaintiff] that [Plaintiff] could not be hired due to the results of [his] criminal background check. One of the charges used against [Plaintiff] was more than six years old and the others were dismissed on December 11, 2019.
>
> [Plaintiff] believes that [he] has been discriminated against because of [his] race ([b]lack) and sex (male) in violation of Title VII . . . [and] because of [his] age (41) in violation of the [ADEA,] and because of [his] disability in violation of the [ADA] . . . .

(Id. at 16-17 (roman numerals omitted).)

Finally, Plaintiff attached (i) a letter from his attorney noting the "dismissal of all charges" (id. at 8), and providing "printout[s] of the [Durham County] District Court record" (id. at 9-12), (ii) his background report as "[p]repared by HireRight, LLC" (id. at 13-15), (iii) an email from HireRight Customer Support to Plaintiff, notifying him of the decision "not to offer [him] . . . employment" and of his "entitle[ment] to free disclosure of the information contained in [his] background report" (id. at 18-19), and (iv) letters from HireRight to Plaintiff, providing him with "information that [he] recently requested" including his "Background Check Report" (id. at 22-25).

-5-

**DISCUSSION**

**I. No State Action**

As an initial matter, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).[3]  "A person acts under color of state law only when exercising 'power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Bailey v. Prince George's Cnty., 34 F. Supp. 2d 1025, 1026 (D. Md. 1999) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).  Put another way, "[t]he person charged [under Section 1983] must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's

---

[3]  Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999); see also Bailey, 34 F. Supp. 2d at 1026 ("The alleged infringement of federal rights must be fairly attributable to the state." (citing Rendell-Baker v. Kohn, 457 U.S. 830 (1982))). "In general, private companies and corporations do not act under color of state law." Ellis v. Santander Consumer USA, Civ. Action No. 13-2099, 2013 WL 3753624, at *5 (W.D. Tenn. July 15, 2013) (unpublished).

Here, the Complaint asserts claims against two private companies, Domino's Pizza and HireRight, and one individual, Defendant Thompson, who serves as a "[g]eneral [m]anager" at Domino's Pizza. (Docket Entry 2 at 2-3.) Importantly, the Complaint contains no factual matter suggesting that any defendant (1) works as a state official, (2) acted in concert with a state official, or (3) violated Plaintiff's rights under compulsion of a state official. (See id. at 1-7.)

In other words, the Complaint does not allege factual matter establishing state action. See DeBauche, 191 F.3d at 507 (explaining that "private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action"). The Complaint's Section 1983 claim therefore fails as a matter of law. See American Mfrs. Mut. Ins. Co., 526 U.S. at 50 (holding that Section 1983's under-color-of-state-law requirement "excludes from its reach

-7-

merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted)).

Accordingly, the Court should dismiss all Section 1983 claims against all Defendants for failure to state a claim.

## II. Title VII, ADA, and ADEA Claims

Additionally, "[b]efore a plaintiff can bring an action under Title VII, the ADA, or the ADEA, the plaintiff must first exhaust his administrative remedies with the EEOC." Sarteh v. Youth Focus, Inc., No. 1:08CV113, 2008 WL 11355352, at *4 (M.D.N.C. Dec. 17, 2008) (unpublished), recommendation adopted, 2009 WL 10680180 (M.D.N.C. Feb. 23, 2009) (Beaty, C.J.) (unpublished). "A plaintiff's EEOC charge defines the scope of h[is] subsequent right to institute a civil suit." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996). As referenced previously, Plaintiff attached an EEOC Charge form to his Complaint, but not a right-to-sue letter. Even assuming that Plaintiff had exhausted his administrative remedies as to the claims he has set forth, his Complaint would still fail as a matter of law for several reasons.

First, Title VII, the ADA, and the ADEA provide a cause of action against only employers, not supervisors or fellow employees. See Baird ex rel Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (discussing Title VII and ADA); see also McNeal v. Montgomery Cnty., 307 F. App'x 766, 775 n.6 (4th Cir. 2009) (discussing ADEA).

-8-

For that reason, Plaintiff cannot proceed against Defendant Thompson under those statutes. Next, neither Plaintiff's Complaint nor the EEOC Charge form contains factual allegations to support a claim that his prospective employer discriminated against him because of his race, sex, disability, or age. (See Docket Entry 2 at 4-5; see also id. at 16-17.)

In this regard, Title VII requires an employee claiming discrimination to show that an adverse employment action occurred "because of" the employee's race or sex. 42 U.S.C. § 2000e-2(a)(1); see also Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 286 (4th Cir. 2004) (explaining that, under Title VII, "an individual alleging disparate treatment based upon a protected trait must produce sufficient evidence upon which one could find that 'the protected trait . . . actually motivated the employer's decision'" (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000))), abrogated in part by Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009). The ADEA and the ADA have similar requirements. See, e.g., Phillips v. Loudoun Cnty. Pub. Schs., No. 1:19CV501, 2019 WL 5445292, at *7 (E.D. Va. Oct. 23, 2019) (unpublished) (dismissing ADA claim, in part, because "the plaintiff c[ould] not establish that the [d]efendants failed to hire him *because of* his disability" (italics in original)); Bullock v. Spherion, No. 3:10CV465, 2011 WL 1869933, at *5 (W.D.N.C. May 16, 2011) (unpublished) (holding that, in order to establish ADEA

-9-

claim based upon failure to hire, a plaintiff must "prove that age was the 'but-for' cause of the alleged adverse action taken against him").

Here, the Complaint simply lacks any factual matter on that front, relying instead on conclusory assertions that Plaintiff was "denied a job based upon . . . [his] age, race, color, and disability." (Docket Entry 2 at 5.) The Complaint fails to make <u>any</u> factual allegations that would support an inference that Plaintiff suffered adverse employment action based on his sex. (<u>See</u> <u>id.</u> at 1-7.) Plaintiff's included EEOC form offers only conclusory allegations that Plaintiff "believe[s] that [he] ha[s] been discriminated against because of [his] race ([b]lack) and sex (male) in violation of Title VII . . . [,] because of [his] age (41) in violation of the [ADEA,] and because of [his] disability in violation of the [ADA]." (<u>Id.</u> at 16.)[4]

---

[4] The EEOC form also asserts that "[Defendant] Thompson ([w]hite), [g]eneral [m]anager, told [Plaintiff] that [he] could not be hired," (<u>id.</u>); however, the mere allegation that a supervisor of one race failed to hire an applicant of a different race does not present a plausible claim of discrimination. <u>See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.</u>, 780 F.3d 582, 586 (4th Cir. 2015) (finding that, even with the addition of allegation that "non-Black candidates were selected to fill the positions instead of [the plaintiff,] the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff . . . does not alone support a reasonable inference that the decisionmakers were motivated by bias" (quotation marks and italics omitted)).

Finally, the Complaint and the EEOC form reflect non-discriminatory reasons for Defendants' decision not to hire Plaintiff. According to the Complaint, Defendant Thompson "communicated to [Plaintiff] . . . [that he] was not eligible to be re-hired due to th[e] results of [his] back[]ground check." (Docket Entry 2 at 4.) The EEOC form includes nearly identical language. (See id. at 16.) Therefore, in light of those factual allegations, and "[b]ecause Plaintiff's Complaint and attachments thereto do not demonstrate any facially plausible nexus between his protected characteristic[s] and [Defendants'] failure to hire him, his [instant claims should] be dismissed." Hansen v. Siemens Energy, No. 3:12CV370, 2012 WL 5388920, at *3 (W.D.N.C. Nov. 1, 2012) (unpublished), appeal dismissed, 519 F. App'x 211 (4th Cir. 2013).

## CONCLUSION

In sum, Defendants do not qualify as "state actors" subject to suit under Section 1983, and Plaintiff's allegations do not state a viable claim under Title VII, the ADEA, or the ADA.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

-11-

**IT IS RECOMMENDED** that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

                                              /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                      **United States Magistrate Judge**

September 22, 2021